UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IN-DEPTH SCIENTIFIC COMPANY, LTD.

    Plaintiff

v.

POROUS MATERIALS, INC.

    Defendant.

**COMPLAINT**

**Docket No.** 3:22-cv-00740 (GLS/ML)

---

Plaintiff, as and for its complaint against the Defendant, through undersigned counsel, respectfully alleges as follows:

## PARTIES

1. Plaintiff is, and at all relevant times was, a corporation formed under the laws of Tanzania and Kenya in East Africa, with its principal place of business in the country of Kenya.

2. Upon information and belief, the Defendant is a New York corporation with a home office and principal place of business in Ithaca, New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the action under 28 U.S.C. 1332(a)(2), in that:  a) the Plaintiff is a corporation organized under the laws of a foreign country with a home office and principal place of business in that country; b) the Defendant is a New York corporation with a home office and principal place of business located within the Northern District of New York; and c) the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1), in that the sole Defendant's home office and principal place of business is located in the Northern District of New York.

## FACTUAL BACKGROUND

5. Plaintiff is, and at all relevant times was, a corporation duly organized under the laws of both Tanzania and Kenya in East Africa. Its stated business purpose is to provide "… biomedical, health laboratory and public health supplies to the East Africa Region (Kenya, Uganda, and Tanzania)." A true and correct copy of Plaintiff's Tanzanian certificate of incorporation is attached hereto as **Exhibit "A"**.

6. Upon information and belief the Defendant is, and at all times relevant was, engaged in the manufacturing, sale and distribution of "…a wide array of lab instruments targeted at both academia and industries."

7. In January, 2021 Plaintiff ("IDS") entered into an agreement with the Defendant ("PMI") for the purchase from the Defendant of certain laboratory equipment to be used in Plaintiff's business, to wit: an "automated hydraulic pressure leakage tester" and an "automated air pressure leakage tester" along with associated computers and software for a combined purchase price of $133,300 US. Invoices from PMI reflecting this understanding and dated January 22, 2021 are attached hereto as **Exhibit "B"** and made a part hereof.

8. On or about January 27th, 2021, PMI agreed to vary its standard payment terms (90% payment in advance) to 75% payment in advance. A true and correct copy of an email from PMI's Ithaca based CEO, Krishna Gupta, Ph.D, reflecting this understanding is annexed hereto as **Exhibit "C"** and made a part hereof. Notably, the email references an online demonstration of the equipment that was to be conducted remotely. This never occurred.

9.  Plaintiff received additional assurances from Dr. Gupta in a written communication dated March 20th, 2021 that completion and delivery, while delayed due to the pandemic, would be approximately "3.5 to 4 months".  A true and correct copy of that letter is annexed hereto as **Exhibit "D"** and made a part hereof.

10.  Accordingly, on March 23rd, 2021 Plaintiff wired $99,975 USD to the Defendant, 75% of the total $133,300 purchase price, in accordance with the agreement evidenced by **Exhibit "C"**.  "SWIFT" printed confirmation of these wired funds are annexed hereto as **Exhibit "E"** and made a part hereof.

11.  No "online demonstration" was ever provided.  No confirmation of the completion of the ordered and partially paid for equipment was ever received.  The Defendant did not return the wired funds and ceased responding to IDS's inquiries.

12.  Around January of 2022, IDS retained counsel in New York State in an effort to prompt a response from PMI.  Despite two letters from our attorneys in January and February of 2022 (**Exhibit "F"**) no response was received from PMI.

13.  As of this date, PMI retains the monies wired to it on March 23rd, 2021; has failed or refused to confirm the production and/or manufacture of the equipment purchased by IDS; has failed or refused to deliver such equipment; has failed or refused to refund IDS's money; and has failed or refused to respond to repeated inquiries regarding the same, including two letters from counsel for IDS.

### AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

14.  Plaintiff IDS realleges as if more fully set forth herein all the preceding allegations of this Complaint.

15. Based upon the foregoing, Defendant PMI has breached its agreement with IDS and is liable to Plaintiff in an amount exceeding $75,000 USD.

## AS AND FOR A SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

16. Plaintiff IDS realleges as if more fully set forth herein all the preceding allegations of this Complaint.

17. Based upon the foregoing, Defendant PMI: a) received money belonging to IDS; b) Defendant PMI benefitted from the receipt of the money; and c) under principles of good conscience Defendant PMI should not be allowed to retain IDS's money.

18. The amount of money retained by the Defendant PMI exceeds $75,000 USD

## AS AND FOR A THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

19. Plaintiff IDS realleges as if more fully set forth herein all the preceding allegations of this Complaint.

20. Based upon the foregoing, Defendant PMI: a) was enriched by the receipt of $99,975 USD; b) this occurred at Plaintiff IDS's expense; and c) it is against equity and good conscience to permit PMI to retain the funds sought to be recovered herein.

## AS AND FOR A FOURTH CAUSE OF ACTION – CONVERSION

21. Plaintiff IDS realleges as if more fully set forth herein all the preceding allegations of this Complaint.

22. Based upon the foregoing, Defendant PMI has converted Plaintiff IDS's funds, to wit: PMI knowingly exercised dominion and control over Plaintiff's funds with the intention of converting them to its own use; b) to the exclusion of the IDS's rights; and c) Plaintiff IDS is entitled and has the right to possession of the funds.

Filename: \\Gwdntserver\Documents\JMR\My Documents\indepth\complaint.docx
Locator: 6/30/22//JMRJ//16//

23. Based on the foregoing, Defendant PMI's conduct has been not only intentional, but also evinces a high degree of moral turpitude, and demonstrates such wanton dishonesty as to imply a criminal indifference to its civil obligations.

WHEREFORE, Plaintiff respectfully demands as follows:

A. on Plaintiff's first, second and third causes of action, judgment in the amount of $99,975 USD plus interest, and the costs and disbursements attending this action; and

B. on Plaintiff's fourth cause of action, judgment in the amount of $99,975 USD, treble punitive damages in the amount of $299,925 for a total of $399,900, plus interest, and the costs and disbursements attending this action;

TOGETHER with such other, further and different relief which to the Court seems just, equitable and proper.

Dated: July 11th, 2022

                Yours, etc.

                REGAN & McLAUD, P.C.
                John M. Regan, Jr., Esq.
                Attorneys for the Plaintiff
                IN-DEPTH SCIENTIFIC
                COMPANY, LTD.
                55 Canterbury Road
                Rochester, NY   14607
                Tel:   (585) 271-1500
                Fax:   (585) 271-0118
                Email:  John.Regan@reganmclaud.com